# Hostetter's Estate.

*Executors and administrators—Administrator's sale—Agreement of administrator as to marketable title—Case stated.*

Where an administrator in making a sale under an order of court, has agreed in advance of the sale, that before the purchaser shall be required to accept a deed and pay the purchase money, the sufficiency of the title shall be determined through a case stated, and the purchaser relying upon this agreement, bids at the sale, pays a portion of the purchase money, and permits the sale to be confirmed, the purchaser is not entitled thereafter to have a decree entered setting aside the sale and ordering a repayment of the purchase money, on the ground of insufficiency of title, if it appears that no action had been taken by either party in reference to a case stated.  All that the purchaser is entitled to is a decree suspending final action, and fixing a time within which a case stated shall be filed in the proper court for the determination of the sufficiency of the title.

Argued May 19, 1908.    Appeal, No. 136, Jan. T., 1908, by Mary Grove and Barbara F. Witmer, Administrators d. b. n. c. t. a., from decree of O. C. York Co., vacating confirmation of sale in Estate of Sarah J. Hostetter, deceased. Before Fell, Brown, Potter, Elkin and Stewart, JJ.  Reversed.

Petition to open confirmation of sale of real estate.    Before Bittenger, J.

The facts are stated in the opinion of the Supreme Court.

The court entered the following decree:

And now, March 9, 1908, the rule to open the decree of the court is made absolute, at the costs of the estate of Sarah J. Hostetter, deceased; and we direct the administrators de bonis non, Barbara F. Witmer and Mary Grove, to pay the costs out of the estate, and also that out of said estate they refund to the petitioner, C. J. Delone, the sum of $2,502.62 paid by him on account of the price or purchase money of the real estate hereinbefore mentioned, on or before April 9, 1908, on his accounting for the income and the profits derived from the real estate during his possession of the same, and delivering possession of the said lands to said Barbara F. Witmer and Mary Grove, administrators de bonis non.    And an exception is sealed for the respondents.

*Error assigned* was the decree of the court.

*Edw. Chapin*, with him *C. E. Ehrehart*, for appellants.

*Allen C. Wiest*, for appellee.

Opinion by Mr. Justice Stewart, June 23, 1908:

At an administrator's sale of the real estate of Sarah J. Hostetter, deceased, the appellee, C. J. Delone, became the purchaser of one of the tracts at the price of $10,017.50.    The first installment of purchase money having been paid, the sale was duly returned to the court, and on October 30, 1905, was confirmed.    The purchaser entered into possession and has retained it ever since.    On April 1, following the confirmation of sale, the administrator tendered to Delone a deed and de-

manded the balance of the purchase money. Delone refused to accept the deed, and thereupon suit was instituted against him to enforce payment. The action was halted by the present proceeding, begun by petition of Delone to the orphans' court praying that the confirmation of the sale be revoked, for certain reasons fully set out in the petition. To the rule granted, the appellants who had succeeded to the trust on the death of the administrator who had made the sale, made answer, denying the material averments in the petition. From the evidence submitted the court derived the following facts. On the day of the sale, and before Delone had bid on the property, it was mutually agreed between the administrators and Delone, that in case the latter became the purchaser, he should receive a fee simple title, and that before delivery of the deed and payment of the purchase money, there would be a sufficient case stated submitted to the court for the purpose of determining the sufficiency of the title. Except for this agreement Delone would not have bid at the sale ; relying upon it, he became the purchaser, and allowed the sale to be confirmed absolutely: The doubt suggested in regard to the sufficiency of the title, relates to an undivided half interest, and arises from the will of Mary C. Hostetter, a sister of the deceased, in which she disposes of her interest in the premises. The suggestion is that it may be regarded as disputable whether under the will Sarah J. Hostetter took a life estate or fee simple in this undivided half. We need particularize no further. The learned judge expresses the opinion that the will gives to Sarah C. a fee simple estate, and that the whole title to the land was vested in her at the time of her death. But, because his finding in this regard concluded no one, and the matter was open to future controversy, he was further of the opinion that the purchaser who had bargained for a fee simple title, ought not to be required to accept one thus exposed to attack, and which because of this circumstance could not be regarded as marketable. He accordingly entered a decree vacating the order of confirmation, and directing that the administrator refund to Delone the money paid by him on the purchase ($2,502.62), upon his accounting to them for the income and profit derived by him during his occupancy of the land, and that the administrators pay the costs of the proceeding. This was in effect

a decree setting aside and annulling the sale, and to this extent it afforded the petitioner a larger measure of relief than he was entitled to, or that he had even asked. He had shown no cause whatever why he should be released from the obligation of his purchase at this time, nor had he asked to be so released, except upon refusal of the administrators to keep and observe the agreement made between him and their predecessors in the trust, namely, to submit to the court, a case stated in which the sufficiency of the title might be determined. The orphans' court is not a tribunal for the termination of questions of title, not even upon agreement by the parties to the controversy, and the inquiry of the learned judge as to the sufficiency of the title here involved was wholly gratuitous. Whether right or wrong it was nothing to the purpose, since this was not a question involved to this particular proceeding. Here was a case where an administrator in making sale under an order of court, had agreed in advance of the sale that before the purchaser could be required to accept a deed and pay the purchase money, the sufficiency of the title should be determined through a case stated. He had no right, of course, to make any such stipulation, but having made it, and the party having purchased on the strength of it, equitable considerations might well prevail with the court to do what was necessary to save the purchaser from prejudice under such circumstances. Until, however, it had been determined by some authoritative tribunal that the title was defective, there could be no grounds whatever for the court's interference. The submission of a case stated for the determination of the sufficiency of this title, did not rest exclusively with the administrators; it was something in which all parties were required to unite, and so far as appears one side was as much in default with respect to it as the other. Certainly there is no finding that the administrator had ever refused, or had ever been asked to proceed in this way. The facts with respect to the agreement having been found, the proper procedure would have been to suspend final action until the determination by a case stated of the question at issue had been reached. Nothing but a purpose on one side or the other to escape the arbitrament could prevent an agreement upon the case stated, for the case stated would properly present nothing but the ques-

tion arising under the will of Mary C. Hostetter, deceased, which as we have above indicated, is a question of law pure and simple. A refusal by either to join in such case stated should be regarded by the court as determining the matter against the party refusing. The decree appealed from finds no sufficient warrant in the facts found by the court; it was premature at least. The ninth specification, which assigns for error the decree itself, is sustained; the other assignments are overruled. The decree is reversed; and it is now ordered that the proceedings be reinstated, and the orphans' court is directed to fix by order the time within which a case stated shall be filed in the proper court for the determination of the sufficiency of the title, the matter thereafter to be proceeded with in the manner indicated in this opinion.